UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

**GILBERT ELLIS,**

Plaintiff,

-v-

**DETECTIVE GREENE KUSH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, ASSISTANT DISTRICT ATTORNEY RICHARD FARRELL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, THE CITY OF NEW YORK, LYNN JEROME, PAULA SINCLAIR, JOHN/JANE DOE OFFICERS 1-10, AND JOHN/JANE DOE INVESTIGATORS 1-10,**

Defendants.

**Case No.: 25-CV-01224-(AS)**

---

**FIRST AMENDED COMPLAINT**

**(This Amended Complaint is intended to supplement and not supersede the original complaint.)**

Plaintiff **Gilbert Ellis** ("Plaintiff"), by and through his undersigned representation, files this First Amended Complaint against **Detective Greene Kush**, **Assistant District Attorney Richard Farrell**, **The City of New York**, **Lynn Jerome**, **Paula Sinclair**, **John/Jane Doe Officers 1-10**, and **John/Jane Doe Investigators 1-10** and alleges as follows:

---

**NATURE OF THE CASE**

1. This is a civil rights action under **42 U.S.C. § 1983** and **42 U.S.C. § 1985** for false arrest, malicious prosecution, fabrication of evidence, conspiracy to violate civil rights, and violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

2. Plaintiff was wrongfully arrested and prosecuted based on knowingly false statements and fabricated evidence presented by Defendant **Detective Greene Kush** and approved by Defendant **Assistant District Attorney Richard Farrell**.

3. Defendants' actions were consistent with an ongoing pattern and practice of unconstitutional conduct by the City of New York and its agents, which amounts to **Monell liability**.

---

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under **28 U.S.C. § 1331** and **28 U.S.C. § 1343** because this action arises under the Constitution and laws of the United States.

5. Venue is proper under **28 U.S.C. § 1391** because the events giving rise to the claims occurred within the jurisdiction of the Southern District of New York.

---

## PARTIES

6. **Plaintiff** Gilbert Ellis is a resident of Kings County, New York.

7. **Defendant Detective Greene Kush** is and was at all relevant times a police officer employed by the New York City Police Department ("NYPD") acting under the color of state law.

8. **Defendant Richard Farrell** is and was at all relevant times an Assistant District Attorney employed by the Kings County District Attorney's Office acting under the color of state law.

9. **Defendant City of New York** is a municipal corporation organized under the laws of the State of New York and is responsible for the policies, practices, and conduct of the NYPD and the Kings County District Attorney's Office.

10. **Defendants Lynn Jerome** and **Paula Sinclair** are private individuals who acted jointly with Farrell and Kush under color of law.

11. **Defendants John/Jane Doe Officers 1-10** are NYPD officers who participated in the wrongful arrest and prosecution.

12. **Defendants John/Jane Doe Investigators 1-10** are investigators who participated in or contributed to the wrongful arrest, prosecution, and fabrication of evidence.

## FACTUAL BACKGROUND

13. On or about **February 19, 2024**, Plaintiff was arrested based on knowingly false statements made by Defendants Lynn Jerome and Paula Sinclair.

14. Detective Kush drafted an arrest warrant affidavit containing materially false information and omitted key exculpatory evidence, including financial records, notary statements, and the complainants' recantation.

15. Farrell knowingly approved the warrant and prosecution despite having direct knowledge of exculpatory evidence confirming that the transaction was lawful.

16. The complainants, Jerome and Sinclair, had already recanted their statements to Farrell prior to the grand jury presentation.

## MONELL LIABILITY CLAIMS

17. Defendants Jerome and Sinclair subsequently defaulted in this case by failing to respond to the complaint.

18. The City of New York **did not defend Jerome and Sinclair**, despite their default — confirming that the City has agreed to cover any liability arising from their conduct under **Monell v. Department of Social Services**, 436 U.S. 658 (1978). The City is also aware or should have been aware that Lynn Jerome and Paula Sinclair have a Civil Case Index#500938-2025 alleging the same false narrative in a continuation of the same conspiracy. Assistant District Attorney Richard Farrell an Employee of the City of New York is aware of the said lawsuit and remained

    complicit in his obligations act thereby enabling Fraud on the Court in concert with Lynn Jerome, Paula Sinclair, and his employer The City of New York.

19. The City's failure to defend Jerome and Sinclair amounts to an implicit admission that:

    o   Jerome and Sinclair were acting under the direction or influence of the City;

    o   Their conduct was consistent with the City's policy or practice of reckless prosecution; and

    o   Farrell and Kush's coordination with Jerome and Sinclair was part of a pattern of deliberate misconduct.

20. The City's acceptance of Monell liability confirms that:

    o   The prosecution was politically motivated and factually unsound;

    o   The City failed to train and supervise its employees properly;

    o   The City knowingly ratified the unconstitutional actions of Farrell and Kush.

---

**CAUSES OF ACTION**

**COUNT I – FALSE ARREST (42 U.S.C. § 1983)**

21. Defendants arrested Plaintiff without probable cause, in violation of the Fourth and Fourteenth Amendments.

22. The City is liable under Monell for failing to train, supervise, and discipline officers engaged in unlawful arrests.

**COUNT II – MALICIOUS PROSECUTION (42 U.S.C. § 1983)**

23. Defendants prosecuted Plaintiff despite having direct knowledge of exculpatory evidence.

24. The City is liable under Monell for ratifying the malicious prosecution and failing to intervene.

**COUNT III – FABRICATION OF EVIDENCE (42 U.S.C. § 1983)**

25. Defendants knowingly fabricated evidence and omitted exculpatory facts.

26. The City is liable under Monell for fostering a culture of reckless prosecution.

**COUNT IV – CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1985)**

27. Defendants Kush, Farrell, Jerome, Sinclair, and Doe Investigators conspired to falsely prosecute Plaintiff.

28. The City is liable under Monell for creating and enabling a coordinated effort to prosecute Plaintiff without probable cause.

**COUNT V – FAILURE TO INTERVENE (42 U.S.C. § 1983)**

29. The City failed to intervene to prevent the ongoing malicious prosecution.

**COUNT VI – ABUSE OF PROCESS (42 U.S.C. § 1983)**

30. Defendants used the legal process to prosecute Plaintiff for a crime that never occurred.

31. The City is liable under Monell for failing to prevent or correct the abuse of process.

**COUNT VII – BRADY VIOLATION**

32. Defendants knowingly withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

33. The City is liable under Monell for fostering a pattern of withholding exculpatory evidence.

**COUNT VIII – OBSTRUCTION OF JUSTICE**

34. Defendants intentionally interfered with the criminal justice process by fabricating a false Arrest Warrant Affidavit, withholding evidence, fabricating charges, denying client his due process right to an arraignment.

35. The City is liable under Monell for failing to prevent or discipline officers engaged in obstruction.

**COUNT IX – SUPERVISORY LIABILITY**

36. The City failed to properly train, supervise, and discipline Farrell and Kush, resulting in the violation of Plaintiff's constitutional rights.

**COUNT IX – SUPERVISORY LIABILITY**

37. **Fraud Upon the Court – 18 U.S.C. § 371** (Against Farrell and Kush in their individual and Official capacity)

    - **Legal Basis:** Fraud upon the court occurs when officers of the court engage in deception, manipulation, or fraudulent misrepresentation that interferes with the impartial administration of justice. Under 18 U.S.C. § 371, it is a federal offense to conspire to defraud the United States, including judicial proceedings.

    - **Example:** Defendant Farrell knowingly submitted and relied on fabricated evidence, concealed exculpatory material, and misled the court regarding the credibility of witnesses, thereby corrupting the legal process and depriving Plaintiff of a fair trial. This conduct violates *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*, which held that fraud upon the court invalidates judicial **False Arrest – 42 U.S.C. § 1983** (Against Officer Greene Kush and other law enforcement defendants in their individual and official capacities)

    - Example: Officer Kush arrested Plaintiff without probable cause based on knowingly false allegations, violating *Dunaway v. New York, 442 U.S. 200 (1979)*. (Against Officer Greene Kush and other law enforcement defendants in their individual and official capacities)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Compensatory damages in an amount to be determined at trial;
2. Punitive damages;
3. Attorneys' fees and costs under **42 U.S.C. § 1988**;
4. Prejudgment and post-judgment interest; and
5. Such other relief as the Court deems just and proper.

---

Respectfully submitted,
**Gilbert Ellis**
Plaintiff, Pro Se