**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
**GILBERT ELLIS,**

Plaintiff,

-v-

**DETECTIVE GREENE KUSH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**ASSISTANT DISTRICT ATTORNEY RICHARD FARRELL, IN HIS INDIVIDUAL AND**
**OFFICIAL CAPACITY,**
**THE CITY OF NEW YORK,**
**LYNN JEROME AND PAULA SINCLAIR,**
**JOHN/JANE DOE OFFICERS 1-10, AND**
**JOHN/JANE DOE INVESTIGATORS 1-10,**

Defendants.

-------------------------------------------------------X
**Case No.: 25-CV-01224-(AS)**

**PLAINTIFF'S MOTION TO CLARIFY THE SCOPE OF DEFAULT, FOR LEAVE TO CONDUCT DISCOVERY AGAINST DEFAULTED DEFENDANTS, AND TO COMPEL DEPOSITIONS**

---

**TO THE HONORABLE ARUN SUBRAMANIAN, UNITED STATES DISTRICT JUDGE:**

Plaintiff **Gilbert Ellis**, proceeding pro se, respectfully submits this motion seeking an order from the Court to:

1. Clarify that the default of Defendants **Lynn Jerome** and **Paula Sinclair** applies to **liability only** and does not preclude Plaintiff from conducting discovery from these Defendants.

2. Grant Plaintiff leave to conduct discovery under **Federal Rules of Civil Procedure 26(b)(1) and 45**, including:
   a. Depositions of Defendants Jerome and Sinclair;
   b. Production of all communications between Defendants Jerome, Sinclair, Detective Kush, Assistant District Attorney Farrell, and any representatives of the City of New York;
   c. Production of all financial records, agreements, and documents related to the underlying transaction.

3. Grant such other relief as the Court deems just and proper.

---

**I. INTRODUCTION**

1. Plaintiff Gilbert Ellis filed this action to seek redress for false arrest, malicious prosecution, conspiracy, and violations of his constitutional rights under **42 U.S.C. § 1983** and **42 U.S.C. § 1985**.

2. Defendants Lynn Jerome and Paula Sinclair made knowingly false allegations that led to Plaintiff's wrongful arrest and malicious prosecution. Defendant Detective Greene Kush swore to a false affidavit based on these allegations, which was approved by Assistant District Attorney Richard Farrell, despite the absence of probable cause and the existence of overwhelming exculpatory evidence.

3. Defendants Jerome and Sinclair have defaulted. Their default resolves the issue of **liability** for the false allegations but does not preclude discovery into their conduct and communications, which remain central to Plaintiff's conspiracy and Monell claims against Farrell, Kush, and the City of New York.

4. Plaintiff seeks clarification from the Court that the default does not bar discovery from Jerome and Sinclair, as their actions and communications are highly relevant to establishing the remaining claims against Farrell, Kush, and the City.

## II. FACTUAL BACKGROUND

### 1. False Allegations by Jerome and Sinclair

5. On or about **February 8, 2024**, Defendants Jerome and Sinclair filed a **criminal complaint** against Plaintiff, alleging that Plaintiff had committed **Grand Larceny** by forging deed documents related to a real estate transaction.

6. The allegations were made **exclusively against Plaintiff** — **not against Wayne Wilson**.

7. Jerome and Sinclair falsely claimed that Plaintiff forged the deed documents and unlawfully transferred ownership of the property to 1883 East 53rd Street, LLC, then sold it to his wife for $10.00.

8. The allegations were entirely unsupported by transactional records or financial evidence and were ultimately recanted on August 8, 2024 by Jerome and Sinclair.

### 2. False Affidavit by Detective Kush

9. Defendant **Detective Greene Kush** drafted a false affidavit based on Jerome and Sinclair's allegations.

10. Kush failed to obtain and review essential transactional records, including:
    a. **ACRIS documentation** required under New York law;
    b. Supporting contractual agreements;
    c. Financial records showing the transaction's legality.

    d. Witness testimony that are part of the transaction

    e. Adhere to NYPD Investigative Protocols

11. A deed is not a stand-alone document under New York law. It must be filed in conjunction with ACRIS documentation. Kush's failure to secure the complete record demonstrates recklessness and a failure to follow NYPD investigative protocols.

12. Kush bypassed established NYPD protocols, improperly secured an arrest warrant, and falsely claimed probable cause based on incomplete and unreliable evidence.

### 3. Farrell's Approval of False Prosecution

13. Defendant **Richard Farrell**, as the **Chief Real Estate Fraud Investigator** with the Kings County District Attorney's Office, recklessly approved Kush's affidavit despite clear evidence contradicting the allegations.

14. Farrell's role as a real estate fraud expert made his failure to verify the underlying transactional documents — including the ACRIS filing and financial records — particularly egregious.

15. Farrell's conduct reflects a reckless disregard for the truth and deliberate indifference to Plaintiff's constitutional rights.

### 4. Discovery of Exculpatory Evidence

16. After Plaintiff's arrest, Farrell obtained overwhelming exculpatory evidence, including:
    a. A notary statement confirming Plaintiff was not present at the deed execution;
    b. A notary log showing the notarization did not involve Plaintiff;
    c. Financial records confirming that the transaction was lawful and consensual;
    d. Testimony from **Investor Wayne Wilson**, affirming the legality of the transaction.

17. Despite possessing these evidence, Farrell refused to terminate the wrongful prosecution and knowingly withheld exculpatory evidence from the Grand Jury — a clear **Brady violation**.

### 5. Recantation of Allegations

18. Jerome and Sinclair subsequently **recanted** their allegations, admitting that Plaintiff had not engaged in any illegal conduct.

19. Farrell failed to disclose the recantation to the Grand Jury and proceeded with the prosecution despite knowing the charges were false.

### 6. Civil Lawsuit by Jerome and Sinclair

20. On January 7**, 2025**, after the recantation on August 9, 2024, Jerome and Sinclair filed a **civil lawsuit** against Plaintiff based on the same false allegations.

21. Farrell was provided a copy of the civil pleadings, which contradicted the criminal allegations. Farrell nonetheless refused to dismiss the charges.

### 7. Farrell's Failure to Act Despite Harm to Plaintiff

22. Plaintiff repeatedly pleaded with Farrell to dismiss the charges, informing him that:
    a. Plaintiff's professional licenses were being revoked;
    b. Plaintiff's business was collapsing;
    c. Plaintiff's employees' livelihoods were being destroyed.

23. Despite knowing that the prosecution was baseless and unsupported by evidence, Farrell refused to dismiss the case.

### 8. Wayne Wilson Filed a Criminal Complaint That Was Ignored

24. **Investor Wayne Wilson** filed a criminal complaint with the Kings County District Attorney's Office, providing:
    a. Financial records showing that the transaction was lawful;
    b. ACRIS documentation confirming the validity of the deed;
    c. Testimony contradicting Jerome and Sinclair's allegations.

25. Farrell and the Kings County District Attorney's Office ignored Wilson's complaint and refused To investigate the evidence provided.

26. Wilson's complaint, if properly investigated, would have exposed the false allegations made by Jerome and Sinclair and established that the transaction was legal. Farrell's failure to act demonstrates a deliberate and intentional effort to shield Jerome and Sinclair from liability, while allowing the malicious prosecution of Plaintiff to continue.

### 9. Continuing Investigation Despite Proof of Innocence

27. As of **October 2024**, Plaintiff and Wilson remain under criminal investigation for a transaction that has been documented and proven to be lawful.

28. Farrell's failure to terminate the investigation, despite overwhelming proof of Plaintiff's innocence, constitutes deliberate indifference and malice.

29. The continued prosecution is not based on a mistake or oversight — it reflects an intentional effort by Farrell and Kush to protect Jerome and Sinclair while exposing Plaintiff to baseless criminal charges.

## III. LEGAL BASIS FOR RELIEF

### 1. Default Does Not Bar Discovery Under FRCP 55(b)(2)

30. Federal Rule of Civil Procedure **55(b)(2)** governs the effect of a default judgment. A default judgment establishes liability, but it does **not** preclude discovery when the information sought from the defaulted defendants is relevant to claims against non-defaulting co-defendants.

31. Courts in the Second Circuit have consistently held that default does not bar discovery where the defaulting defendants' actions are central to establishing liability against non-defaulting co-defendants.

**In re Uranium Antitrust Litigation**, 473 F. Supp. 382 (N.D. Ill. 1979) – The court allowed discovery from defaulted defendants where their conduct was central to establishing a conspiracy involving non-defaulting parties.

**Trans World Airlines, Inc. v. Hughes**, 449 F.2d 51, 63 (2d Cir. 1971) – The Second Circuit held that "default judgment on liability does not resolve the question of damages or the facts necessary to establish liability of co-defendants."

**Pioneer Commercial Funding Corp. v. United Airlines, Inc.**, 122 F.R.D. 130, 131 (S.D.N.Y. 1988) – "Discovery against defaulted defendants may be compelled where their actions remain relevant to claims against non-defaulting parties."

**Sony Corp. v. Elm State Electronics, Inc.**, 800 F.2d 317 (2d Cir. 1986) – The court held that default judgment does not preclude a party from pursuing discovery to establish facts necessary to support claims against other defendants.

**Trustees of the Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr., No. 05-CV-1665 (NGG)(RLM), 2007 WL 3124612 (E.D.N.Y. Oct. 23, 2007)** – The court held that discovery could proceed against defaulted defendants because the facts sought were relevant to ongoing claims against other parties.

**Southern New England Telephone Co. v. Global NAPs Inc.**, 624 F.3d 123 (2d Cir. 2010) – The Second Circuit held that default judgment does not preclude discovery where the defaulting defendant's conduct remains relevant to active claims against other defendants.

**Credit Lyonnais Securities (USA), Inc. v. Alcantara**, 183 F.3d 151, 154 (2d Cir. 1999) – The Second Circuit reaffirmed that default establishes liability but does not limit discovery necessary to prove damages or conspiracy claims involving other parties.

These cases establish that Plaintiff is entitled to seek discovery from Jerome and Sinclair because their testimony and communications are highly relevant to the conspiracy and Monell claims against Farrell and the City.

---

### 2. Discovery is Permitted Under FRCP 26(b)(1)

32. Federal Rule of Civil Procedure **26(b)(1)** provides that a party is entitled to:

- "Discovery regarding any non-privileged matter that is relevant to any party's claim or defense."

- "Information need not be admissible in evidence to be discoverable."

33. Plaintiff seeks to depose Jerome and Sinclair and obtain their communications with Farrell and Kush because:
    a) Their communications will confirm that Farrell knowingly pursued false charges despite exculpatory evidence.
    b) Evidence of coordination between Farrell, Jerome, Sinclair, and Kush supports the conspiracy and Monell claims.

    c) The indemnification agreement between the City and Jerome/Sinclair suggests a coordinated effort to conceal misconduct.

34. The Second Circuit has held that discovery under Rule 26 should be construed broadly, particularly when the information sought is relevant to a claim for conspiracy or malicious prosecution.

**Thomas v. City of New York**, 293 F.R.D. 498 (S.D.N.Y. 2013) – The court permitted discovery into communications between law enforcement and third parties where conspiracy and malicious prosecution were alleged.

**Atkins v. County of Orange**, 372 F. Supp. 2d 377, 398 (S.D.N.Y. 2005) – The court found that communications between police and prosecutors were discoverable where conspiracy was alleged.

---

### 3. Subpoenas are Permitted Under FRCP 45

35. Federal Rule of Civil Procedure **45** permits a party to issue subpoenas for:
    a) Testimony at deposition;
    b) Production of documents and communications;
    c) Production of financial records.

36. Jerome and Sinclair's conduct is central to the conspiracy and Monell claims — making their testimony and records highly relevant and discoverable.

37. Discovery under Rule 45 is proper because:
    a) Jerome and Sinclair's communications with Farrell and Kush establish the foundation of the conspiracy claim.
    b) Financial records will confirm that Jerome and Sinclair were indemnified by the City in exchange for silence — supporting the conspiracy claim.
    c) Their testimony will confirm that Farrell knowingly ignored exculpatory evidence and concealed the recantation.

---

### 4. Failure to Permit Discovery Would Severely Prejudice Plaintiff

38. If Jerome and Sinclair are shielded from discovery:
    a) Plaintiff will be unable to establish the essential elements of the conspiracy and Monell claims.
    b) Farrell and Kush's malice and reckless disregard will remain shielded from scrutiny.
    c) The City of New York will avoid accountability for its failure to supervise and intervene.

    d) It will be construed as Fraud on the Court

39. The Second Circuit has held that denial of discovery where the facts sought are central to a claim for conspiracy or malicious prosecution constitutes **prejudicial error** and may justify reversal on appeal.

**Wills v. Amerada Hess Corp.**, 379 F.3d 32 (2d Cir. 2004) – The court held that denial of discovery where the information sought was central to conspiracy claims constituted prejudicial error.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Confirm that the default of Jerome and Sinclair applies only to liability;

2. Grant Plaintiff leave to conduct discovery under FRCP 26 and 45, including:
   a. Depositions of Jerome and Sinclair;
   b. Production of Jerome and Sinclair's communications with Farrell and Kush;
   c. Production of financial records and any agreements with the City of New York.

3. Permit Plaintiff to use Jerome and Sinclair's testimony at trial to establish conspiracy and Monell liability.

4. Grant such other relief as the Court deems just and proper.

**Dated:** March 17, 2025
Respectfully submitted,
**Gilbert Ellis**
Plaintiff, Pro Se
1418 Saint Marks Avenue
Brooklyn, NY 11233
Phone: (347) 533-9456
Email: gilbert@gctmortgage.com

The motion is DENIED. Plaintiff has not obtained a default judgment against Jerome and Sinclair. To do so, plaintiff must obtain a valid Clerk's Certificate of Default and then move for a default judgment. Additionally, any discovery requests are premature, given that the remaining defendants have yet to answer or otherwise move to dismiss the complaint. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 29.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 31, 2025