UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gilbert Ellis,<br><br>                         Plaintiff,<br><br>                 -against-<br><br> Green Kush et al.,<br><br>                         Defendants. | 25-cv-1224 (AS)<br><br><u>ORDER ADOPTING REPORT AND</u><br><u>RECOMMENDATION</u> |

ARUN SUBRAMANIAN, United States District Judge:

This motion to dismiss was referred to Magistrate Judge Lehrburger for a Report and Recommendation. *See* Dkt. 72. In the Report and Recommendation filed on December 19, 2025, Magistrate Judge Lehrburger recommended that the motion be granted, with limited leave to amend. *See* Dkt. No. 116. Plaintiff Gilbert Ellis timely filed ten objections to the Report and Recommendation. Dkt. 118. Defendants did not file any objections.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## DISCUSSION

No party raised any objection to the Report and Recommendation's factual background, derived from the plaintiff's complaint, and the Court finds no clear error. The Court thus proceeds to consider Ellis's objections.

Of Ellis's nine[1] objections, only one of them appears to object to a conclusion in the Report and Recommendation. The remainder primarily take issue with or seek to clarify certain statements of law that could pertain to a future amended complaint. The Court does not address these objec-

---

[1] Although numbered one through ten, Ellis did not include an eighth objection. Dkt. 118 at 5–6. The Court refers to the objections using the numbers that Ellis assigned them.

tions as the conclusions themselves are not contested. If Ellis amends his complaint and he challenges legal *conclusions* that he feels are premised on erroneous statements of law, the Court will consider his arguments at the appropriate time. Any arguments he makes in his objections can be made then.

The only objection that appears to challenge a conclusion, rather than a statement of law, is Ellis's ninth objection. There, he argues that the Report and Recommendation errs by construing inferences against him in dismissing the fabrication-of-evidence claim. Dkt. 118 at 6. He argues the Report and Recommendation should have construed questions of knowledge and intent in his favor at the motion-to-dismiss stage.

Ellis's objection fails. Although Ellis is correct in stating that inferences at the motion-to-dismiss stage are construed in his favor as the non-moving party, questions of knowledge and intent are not considered inferences, but rather legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009) (treating allegations of knowledge in a complaint as conclusions that are not assumed to be true for purposes of a motion to dismiss). To survive a motion to dismiss, Ellis must allege facts that, taken as true, plausibly allege knowledge on the part of defendants. Reviewing the complaint *de novo*, the Court concludes that Ellis has failed to do so.

The Court treats any other potential objections to the remainder of the Report and Recommendation's conclusions as waived. Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

## CONCLUSION

The motion to dismiss is GRANTED and the motion for sanctions is DENIED. Ellis is provided leave to amend Counts 2, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, and 19. Any amended complaint is due within 28 days of this order. Should Ellis fail to amend his complaint by that time, the Court will enter judgment for defendants.

The Clerk of Court is directed to terminate Dkts. 62 and 95.

SO ORDERED.

Dated: January 15, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2